UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FRANK J. WASHINGTON, #291556, ) <br> a/k/a Frank Jermaine Washington, #115204, ) <br> a/k/a Frank Jermaine Washington, #82625, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> WARDEN KENNETH SHARPE, ) <br> ) <br> Defendant. ) <br> _____ ) | | Civil Action No. 4:21-cv-2875-RBH-TER <br><br><br><br><br><br><br> **ORDER** |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Presently before the court are Plaintiff's Motions to Appoint Counsel (ECF Nos. 18, 26), Plaintiff's Motion to Request Names be Submitted to the Court (ECF No. 19), Plaintiff's Motion for Extension of Time (ECF No. 22), Defendant's Motion to Compel (ECF No. 30), and Defendant's Motions for Extension of Time (ECF Nos. 35, 39). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his motions to appoint counsel, Plaintiff asserts that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate this case, which involves complex issues that will require significant research and investigation, he has limited access to a law library and limited knowledge of the law, an attorney would be better able to present evidence and cross-examine witnesses at trial, and he has attempted to secure counsel on his own to no avail. While "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel" in civil cases. Hall v. Holsmith, 340 F. App'x

944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should do so only "where the case ... presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989). The circumstances presented by Plaintiff are true for most cases filed pursuant to 28 U.S.C. § 1915, and, thus, are not "exceptional." Accordingly, Plaintiff's Motions to Appoint Counsel (ECF Nos. 18, 26) are **DENIED**.

In his "motion to request the above names by submitted to the courts," Plaintiff asks that he be allowed to call certain, named witnesses to testify at trial. It appears Plaintiff is seeking leave of court to subpoena witnesses to trial. However, this request is premature as a date for trial has not yet been set. Therefore, Plaintiff's Motion (ECF No. 19) is **DENIED** as premature with leave to refile at the appropriate time.

In his motion for extension of time, Plaintiff seeks an additional thirty days "on medical records." He asserts that he requested his medical records but had not yet received them at the time of his motion. Defendant did not oppose the motion to the extent Plaintiff was requesting additional time to receive the documents in order to respond to Defendants' discovery requests. However, as of December 22, 2021, Plaintiff still had not responded to any of Defendant's discovery requests served on October 27, 2021, and, thus, Defendant filed the present motion to compel. Plaintiff did not file a response to the motion to compel. However, in his response to Defendant's motion to dismiss[1], Plaintiff asserts that he still has not received his medical records as requested. Nevertheless, Defendant's Interrogatories and Requests for Production seek more than just production of medical records. Plaintiff's Motion for Extension of Time (ECF No. 22) is

---

[1] Addressed by separate Report and Recommendation.

**GRANTED** and Defendant's Motion to Compel (ECF No. 30) is **GRANTED**. Plaintiff is directed to provide full and complete answers to Defendant's discovery requests within thirty days of the date of this order.

For the reasons discussed above, Plaintiff's Motion to Appoint Counsel (ECF No. 18) is **DENIED**, Plaintiff's Motion to Request Names be Submitted to the Court (ECF No. 19) is **DENIED** as premature with leave to refile, Plaintiff's Motion for Extension of Time (ECF No. 22) is **GRANTED**, Plaintiff's Motion to Appoint Counsel (ECF No. 26) is **DENIED**, Defendant's Motion to Compel (ECF No. 30) is **GRANTED**, and Defendant's Motions for Extension of Time (ECF Nos. 35, 39) are **GRANTED**. **Plaintiff is directed to provide full and complete responses to Defendant's discovery requests within thirty days of the date of this order. The dispositive motions deadline is extended to July 26, 2022.**

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 26, 2022
Florence, South Carolina